IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

ANITA MEDINA, PLAINTIFF,

VS. CIVIL ACTION NO. 4:04CV236-P-B

MIMS OIL COMPANY, INC., DEFENDANT.

**MEMORANDUM OPINION**

This cause comes before the court upon Defendant's Motion to Dismiss [6-1] for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). Upon due consideration of the motion and the responses filed thereto, the court is prepared to rule.

It is the purpose of a Rule 12(b)(6) motion to test the formal sufficiency of the statement for relief; it is not a procedure to be invoked to resolve a contest about the facts or the merits of a case. *E.g., Murray v. Amoco Oil Co.*, 539 F.2d 1385 (5th Cir. 1976). On a Rule 12(b)(6) motion, the court's inquiry is essentially limited to the content of the complaint. *E.g., Cinel v. Connick*, 15 F.3d 1338, 1341 (5th Cir. 1994), *cert. denied* 513 U.S. 868. While deciding a Rule 12(b)(6) motion, allegations of the complaint should be construed favorably to the pleader. *Scheuer v. Rhodes*, 416 U.S. 232 (1974). A motion to dismiss for failure to state a claim is viewed with disfavor and is rarely granted. *E.g., Shipp v. McMahon*, 234 F.3d 907 (5th Cir. 2000), *cert. denied* 532 U.S. 1052.

The test usually applied to determine the sufficiency of the complaint was set out in *Conley v. Gibson*, 355 U.S. 41 (1957). Justice Black, writing for the majority, wrote:

> [I]n appraising the sufficiency of the complaint, we follow, of course, the

> accepted rule that a complaint should not be dismissed for failure to state
> a claim unless it appears beyond doubt that the plaintiff can prove no set
> of facts in support of his claim which would entitle him to relief.

*Id.* at 45-46.

In her complaint, the plaintiff has asserted four causes of action: (1) negligent infliction of emotional distress; (2) intentional infliction of emotional distress; (3) wrongful discharge; and (4) violation of the American with Disabilities Act, 42 U.S.C. § 12101.

In her response, the plaintiff has conceded the inapplicability of negligent infliction of emotional distress because said claims are barred by the exclusive remedy provision of Mississippi Workers' Compensation Law, Mississippi Code Annotated § 71-3-9.

The defendant argues that the plaintiff fails to state a claim for wrongful termination given that Mississippi only recognizes such a claim when termination results from a refusal to participate in illegal activity or from reporting illegal activity of their employer. *McArn v. Allied Bruce-Terminix, Inc.*, 626 So.2d 603 (Miss. 1993). The plaintiff concedes that she has not alleged circumstances involving illegal activity. She argues instead that this court should "make another exception for employers that fire their employees so they will not be eligible for health benefits." This court does not have the authority to make new law in Mississippi and will not do so. Such authority rests solely in the Mississippi Legislature. Therefore, the court concludes that the plaintiff fails to state a claim for wrongful termination.

With respect to intentional infliction of emotional distress, the defendant argues a failure to state a claim because nothing in the plaintiff's alleged facts constitute extreme and outrageous behavior that is "utterly intolerable in a civilized community." *Raiola v. Chevron U.S.A., Inc.*, 872 So.2d 79, 85 (Miss. 2004). The plaintiff responds that firing her because she was sick,

2

thereby making her ineligible for health benefits, does rise to the requisite level of extreme and outrageous conduct. Although it does not appear that the facts stated by the plaintiff rise to the requisite level of conduct to establish a cause of action for intentional infliction of emotional distress, such a determination is a merits decision inappropriate in ruling on a Rule 12(b)(6) motion.

Similarly, the plaintiff states a claim for a violation of the ADA. Even though she admits that she did not sustain an injury that "substantially limits one ore more of [her] major life activities," she argues that the defendant *perceived* that she sustained such an injury. She posits that her very termination evinces said perception. The court expresses no opinion regarding the likelihood of success on her claim since, as stated above, such an act would constitute an improper merits determination. Instead, the court concludes that when viewing the facts in a light more favorable to the plaintiff, it is not readily apparent that "it appears beyond doubt that the plaintiff can prove no set of facts in support of [her] claim which would entitle [her] to relief."

For the reasons discussed above, the court concludes that the defendant's motion to dismiss should be granted with respect to the plaintiff's claims of wrongful termination and negligent infliction of emotional distress. The motion should be denied as to her claims for intentional infliction of emotional distress and violation of the ADA. Accordingly, an Order shall issue forthwith,

**THIS DAY** of July 8, 2005.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE